IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MANUEL DIMAS GUERRA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 2:21-CV-078-O |
| | § | (Crim. No. 2:17-CR-137-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge regarding the 28 U.S.C. § 2255 Motion to Vacate filed by Petitioner, Manuel Dimas Guerra, ECF No. 72, and various other pending motions. Objections have been filed. ECF No. 86. Having reviewed *de novo* the record in this case and the underlying criminal case,[1] the objections, and applicable authorities, the Court concludes that the relief Petitioner seeks in his Amended Motion to Vacate (ECF No. 13) must be **DENIED**.[2]

## I.    BACKGROUND[3]

On November 30, 2017, Petitioner was charged by Complaint with the felony offense of Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846. CR ECF No. 1. Petitioner's codefendant, Anthony Ray Gonzales, was also charged. *Id.* On December 21, 2017, Petitioner was indicted on multiple felony counts, including (Count I) the charge in the Complaint, (Count II) Possession

---

[1] References to filings in the underlying criminal case, No. 2:17-CR-137-O, will be to "CR ECF No. __."
[2] The Court uses the nomenclature customary in the Amarillo Division, referring to Movant as Petitioner.
[3] This recitation of the facts leading up to Petitioner filing his Section 2255 motion is taken directly from Judge Reno's Findings, Conclusions, and Recommendation unless otherwise specified. Findings, Conclusions, and Recommendation, ECF No. 72.

with Intent to Distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)1)(a)(viii), and (Count III) Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A), and 18 U.S.C. § 2. CR ECF No. 26. On December 1, 2017, Jesse Quackenbush was appointed to represent Petitioner in the criminal proceeding. CR ECF No. 12. After a trial scheduling order was entered and the pretrial conference date set, Petitioner hired new counsel, Ronald T. Spriggs, and a motion to substitute counsel was granted. CR ECF Nos. 76–77. The District Judge then granted Petitioner's motion to continue the trial setting. CR ECF No. 79.

On September 12, 2018, a Superseding Indictment was filed. CR ECF No. 88. The three counts charged remained the same. *Id.* The District Judge then denied a second continuance of the trial setting and deferred ruling on the pending motion to suppress. CR ECF No. 98. On October 3, 2018, the District Judge denied the amended motion to suppress. CR ECF No. 116.

On October 9, 2018, Petitioner's jury trial was conducted. CR ECF Nos. 131–37. The jury found Petitioner guilty of all three counts of the Superseding Indictment. CR ECF No. 137. Pending sentencing, Petitioner filed a pro se interlocutory appeal of his case, CR ECF No. 148, and Spriggs requested to withdraw from representing Petitioner, which was denied. CR ECF Nos. 147, 154. A Presentence Report ("PSR") was filed early in Petitioner's case, and the sentencing scheduling order was altered. CR ECF No. 160. Petitioner, through counsel, filed objections to the PSR. CR ECF No. 163.

Petitioner's sentencing hearing was held on December 20, 2018. CR ECF No. 171. The District Judge sentenced Petitioner to 240 months as to Count One and Count Two, to run concurrently, and 60 months as to Count Three to run consecutive to the other two counts. CR

ECF No. 173. Additionally, these sentences were set to run concurrently with pending state court charges. *Id.*

On the same day Judgment was entered, Petitioner timely appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. CR ECF No. 170. New counsel, Robert Bell, was appointed to represent Petitioner on appeal. CR ECF No. 176. On December 31, 2019, the appellate court affirmed the judgment of the district court. *United States v. Guerra*, No. 18-11407; CR ECF Nos. 213–14.

The record reflects that on April 19, 2021, Petitioner placed in the mail for filing a Section 2255 motion asserting 18 grounds in support. ECF No. 2. Thereafter, he filed various documents attempting to supplement or clarify his grounds. ECF Nos. 4, 5, 6, 9. On July 7, 2021, Petitioner submitted for filing a motion seeking leave to amend his original motion, averring that his original motion was prepared in haste and was redundant and argumentative, whereas his proposed amended motion "withdrew several grounds and issues," and was "tailored to replace ECF 2, 4, 5, and 6." ECF No. 11 at 1–2. The Magistrate Judge granted the motion to the extent that all of the amended grounds related back to the original motion and authorized Respondent to challenge any that did not relate back. ECF No. 12 at 2–3. Although the Magistrate Judge directed the Clerk to file the proposed amended motion (which was Exhibit No. 1 to the motion for leave) as a separate document, the Clerk filed only the form amended motion and not the attachments thereto. ECF No. 13. The Court considers the attachments as part of the amended motion.[4]

The Magistrate Judge issued an order to show cause, notice and instructions to parties, authorizing Respondent to file a preliminary response directed to timeliness of Petitioner's amended grounds. ECF No. 14. Respondent sought an extension of time to respond, ECF No. 16,

---

[4] For the sake of clarity, the attachments will be referenced as ECF No. 11-2 (attachment #1), ECF No. 11-3 (attachment #2), ECF No. 11-4 (attachment #3).

then filed her motion to dismiss, asserting that all of the claims were untimely. ECF No. 18. Petitioner responded, ECF No. 19, and rather than consider the timeliness of the claims, the Magistrate Judge set the case for evidentiary hearing on Petitioner's claims of ineffective assistance of counsel. ECF No. 20. Petitioner filed a motion to appoint counsel, ECF No. 23, which was granted to the extent that counsel was appointed to represent Petitioner at the evidentiary hearing. ECF No. 26. Respondent filed a motion to reconsider the order for evidentiary hearing, pointing out the reasons Petitioner could not prevail on the merits, even if the Section 2255 motion was timely. ECF No. 25. Later, Respondent filed a motion for leave to amend her motion to dismiss, noting that the original Section 2255 motion had been timely filed given the Supreme Court's extension of the deadline for filing certiorari petitions during the COVID-19 pandemic. ECF No. 32.

After the Magistrate Judge held an evidentiary hearing pertaining to Petitioner's ineffective assistance claims, Petitioner filed a second motion seeking leave to amend his motion under Section 2255. ECF No. 71. It is clear from the proposed amendment that it is intended to supplement, rather than replace, the amended motion. ECF No. 71-1 at 2. Further, it is clear that Petitioner seeks to resurrect or expand on claims abandoned by the amended motion as well as to add new claims. *See, e.g.*, *id.* at 3. This the Court will not allow. Having thoroughly studied the proposed supplemental motion, the Court cannot find that it adds anything of substance or significance that would be determinative of Petitioner's grounds. Amendment after the evidentiary hearing would not be fair to Respondent. Moreover, the amendment would not entitle Petitioner to any relief, but only further encumber the Court.

## II.     ANALYSIS

The Court first addresses two initial matters. First, to the extent any of the claims asserted in the original motion were not included in the amended motion, those claims are **DISMISSED**, same having been withdrawn. Second, the second motion seeking leave to amend is **DENIED**.

### A.  Amended Motion to Vacate

As for Petitioner's amended motion itself, the Court agrees with Respondent that three of the claims are new ones that do not relate back to the original motion. ECF No. 32-2 at 4–5. They are: (1) the contention that Petitioner's retained trial counsel, Ronald Spriggs, was ineffective for failing to argue Petitioner's "pending 403, 404, and 608 in limine motion[s], or in the alternative, move for exclusion of the 404(b) testimony and evidence;"[5] (2) Spriggs failed to "unequivocally" object to the revised sentencing schedule;[6] and (3) appellate counsel, Robert Bell, was ineffective for failing to raise the issue that Petitioner's mandatory minimum sentence was illegally enhanced.[7] These claims are **DISMISSED** as untimely and, alternatively, **DENIED**.

In the first ground of his amended motion, Petitioner alleges that he received ineffective assistance of counsel "during the critical pre-trial phases." ECF No. 13 at 7. Specifically, Petitioner complains that Spriggs (1) failed to retain a private investigator and expert to assist as to the veracity of the confidential informant and the government's spoliation of exculpatory evidence, (2) failed to competently preserve the *Brady*/spoliation claim, (3) failed to file competent pretrial

---

[5] In any event, this is a frivolous ground inasmuch as Petitioner's first-appointed counsel had already filed such motions and obtained favorable rulings. *See* CR ECF No. 71. Further, Spriggs objected to the 404(b) testimony at trial and the objection was overruled. CR ECF No. 187 at 191–92. Lastly, as the Magistrate Judge notes, Petitioner's allegations in this regard are conclusory and fail to establish prejudice. ECF No. 72 at 20–21.

[6] This ground is likewise conclusory and Petitioner has not shown that he was prejudiced.

[7] This ground is without merit. Petitioner was sentenced before the effective date of the First Step Act. CR ECF No. 173. Further, the amendment upon which he relies was not made retroactive. *See* ECF No. 72 at 32–33.

motions, (4) failed to object to the entire jury panel which saw Petitioner in shackles and prison attire, and (4) labored under a conflict of interest due to unpaid fees. ECF No. 13 at 7 & ECF No. 11-2 at 1. This ground was thoroughly discussed and refuted by Respondent, ECF No. 25 at 1–13, and considered by the Magistrate Judge, ECF No. 72 at 14–22. Petitioner's objections rest on his contention that Spriggs committed perjury at the evidentiary hearing. Petitioner's disagreement with the Magistrate Judge's assessment of the testimony does not entitle him to relief. He has not met his burden as to the first ground.

In his second ground, Petitioner complains that he received ineffective assistance of counsel during his trial. ECF No. 13 at 7. As supporting facts, he alleges that Spriggs failed to: (1) present a viable defense, (2) impeach his co-defendant with a letter he wrote, (3) raise a continuing objection to 403 and 404(b) evidence, (4) move for mistrial, (5) object to Count Three's jury instruction, (6) object to improper closing argument, and (7) move for acquittal as to Count Three. *Id*; ECF No. 11-2 at 1. Again, the allegations are sufficiently addressed by the response, ECF No. 25 at 14–17, and the FCR. ECF No. 72 at 23–25. Petitioner has not met his burden as to the second ground.

In his third ground, Petitioner argues that he received ineffective assistance from Bell. ECF No. 13 at 7. Specifically, Bell should have raised issues regarding the admission of 403 and 404(b) evidence. *Id.* In his brief, Petitioner also says that Bell should have raised the bias of the presiding judge as well as the illegal enhancement of his sentence. ECF No. 11-3 at 21–23. Bell testified that he selected the best issues to present on appeal.[8] ECF No. 65 at 85–86. He explained why raising an issue regarding admission of evidence would not have been productive. ECF No. 65 at 82. Further, the record did not support the allegation that the judge had a personal animus against

---

[8] His testimony included an extensive discussion of the jury charge and why he did not raise an issue in that regard. ECF No. 65 at 62–139 (*passim*).

Petitioner. *Id.* at 84. Bell had no duty to raise every nonfrivolous issue. *Jones v. Barnes*, 463 U.S. 745, 754 (1983); *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999). Petitioner has not shown that any other issue would have had merit such that it would have resulted in a different outcome. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). Petitioner has not met his burden as to the third ground.

In his fourth ground, Petitioner argues that he received ineffective assistance of counsel during the sentencing phase of the trial. ECF No. 13 at 8. In support, he alleges that Spriggs failed to raise objections to the PSR's leadership assessment and the prior offense used to enhance his mandatory minimum sentence, and failed to unequivocally object to the Court's sudden and unreasonable sentencing schedule changes.[9] *Id.* As Petitioner admits in his brief, Spriggs did file an objection to the leadership enhancement. CR ECF No. 163. The government responded to that objection, CR ECF No. 166, explaining why the enhancement should be applied. At sentencing, Spriggs argued that Petitioner was not a leader or organizer. CR ECF No. 188 at 15–19, 24–25. That his objection was overruled does not mean that he rendered ineffective assistance.

As for the alleged failure to object to the prior offense used to enhance the sentence pursuant to 21 U.S.C. § 851, Petitioner admits that the First Step Act did not become effective until after he was sentenced. ECF No. 11-3 at 20. *See United States v. Gomez*, 960 F.3d 173, 177 (5th Cir. 2020) (sentence is imposed when it is pronounced). Whether the statutory minimum was fifteen or twenty years, however, is of no consequence inasmuch as Petitioner's advisory guideline range was 324 to 405 months. CR ECF No. 159 at ¶ 115. As stated at sentencing, even if the Court

---

[9] As previously noted, this allegation was not part of the original motion. ECF No. 2. It is frivolous in any event, based on conclusory and speculative allegations as to the intent of the presiding judge and probation officer. ECF No. 11-3 at 13–18. And, contrary to his allegation, Spriggs did file an objection to the change in sentencing schedule, CR ECF No. 163, and he argued that Petitioner had been harmed as a result. CR ECF No. 188 at 12–15.

"were to be wrong on the statutory minimum on those counts, Counts One and Two," the sentence would have been the same. CR ECF No. 188 at 39–40. Petitioner has not met his burden as to the fourth ground.

In his fifth ground, Petitioner urges that he was denied effective assistance of counsel when the Court instructed Spriggs to immediately file Petitioner's notice of appeal "without first meeting with [Petitioner] and consult[ing] with him on other remedies that might have been available prior to appeal, or on appealable issues." ECF No. 11-2 at 1. In his brief, he says that competent counsel might have filed a Rule 35 motion to challenge the illegal enhancement of his sentence. ECF No. 11-3 at 21. Of course, such a motion would only have been appropriate to correct an arithmetical, technical, or other clear error. FED. R. CRIM. P. 35(a). Inasmuch as Petitioner had expressed his intent to appeal and his dissatisfaction with Spriggs, the Court directed Spriggs to file the notice of appeal and instructed that as soon as the notice was filed, the Magistrate Judge would consider the appointment of new counsel for appeal unless Petitioner wished to retain Spriggs. Petitioner stated that he would prefer that new counsel be appointed. CR ECF No. 188 at 41–42. Petitioner has not shown that he was in any way harmed. He has not met his burden as to the fifth ground.

In his sixth ground, Petitioner alleges that his Due Process rights were violated throughout the criminal proceedings. ECF No. 11-2 at 1. As best the Court can tell from the supporting facts, this is meant to be a cumulative error ground. *Id.* at 2. Because Petitioner has not shown any error, there is "nothing to cumulate." *Miller v. Johnson*, 200 F.3d 274, 286 n.6 (5th Cir. 2000) (quoting *Yohey v. Collins*, 985 F.2d 225, 229 (5th Cir. 1993)). Petitioner has not met his burden as to the sixth ground.

In his seventh ground, Petitioner contends that he is entitled to relief under the First Step Act because his judgment was not signed until the date the Act was enacted. ECF No. 11-2 at 2.

8

As stated, the date a judgment is pronounced is the date it is imposed. *United States v. Gomez*, 960 F.3d at 177. In any event, this issue was not raised on appeal and cannot be pursued here as an independent ground without a showing of cause and prejudice. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). Petitioner cannot show prejudice because the Court would have imposed the same sentence regardless of the statutory minimum. CR ECF No. 188 at 39–40. To the extent that the ground might be interpreted as a request for sentence reduction under the First Step Act, such a claim is not cognizable under Section 2255. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994); *United States v. Guerro*, 691 F. App'x 179 (5th Cir. 2017); *Jefferson v. United States*, No. 3:19-CV-600-O, 2019 WL 9467696, at *1 n.2 (N.D. Tex. April 9, 2019). Petitioner has not met his burden as to the seventh ground.

Finally, the Court notes that, try as he might, Petitioner simply has not shown that Spriggs abandoned him in the sense discussed by *United States v. Cronic*, 466 U.S. 648 (1984). That Spriggs may have been "inattentive" as Petitioner alleges, ECF No. 11-3 at 5, is not enough. At no time has the Court found that an actual conflict existed. *See, e.g.*, CR ECF No. 154. Petitioner himself admitted that the record would reflect only that a conflict existed from October 2, 2018, the date of Sprigg's letter, until noon on October 5, 2018, when Spriggs met with Petitioner and Petitioner decided to proceed with Spriggs as counsel, CR ECF No. 126. ECF No. 11-3 at 24, n.10. And, Petitioner affirmed that he wanted to proceed with Spriggs. CR ECF No. 188 at 8; ECF No. 86 at 24. But conflict *vel non*, Petitioner has not, and cannot, meet the *Cronic* test.[10] *Bell v. Cone*, 535 U.S. 685, 697 (2002) (for the test to apply, the attorney's failure must be complete). Nothing prevented Spriggs from assisting Petitioner at a critical stage of his trial. *See Cronic*, 466 U.S. at

---

[10] For example, at the "critical pretrial phase," Spriggs filed a motion to suppress that the Court concluded raised important issues requiring a resolution of disputed facts. CR ECF No. 154.

659 & n.25 (giving as examples of denial of counsel at critical stages cases where court rulings or statutes prevented counsel from acting). This is not the type of case where "the likelihood that the verdict is unreliable is so high that a [showing of harm] is unnecessary." [11] *Mickens v. Taylor*, 535 U.S. 162, 166 (2002).

### B.  Other Pending Motions

As for other pending motions:

(1)  Petitioner's motion seeking recusal of the undersigned, ECF No. 10, is **DENIED**. The motion is based on rulings made in this case.[12] For a judge to be disqualified for bias or prejudice, "the bias must stem from an extrajudicial source and result in an opinion on some basis other than what the judge learned in the case." *Crawford v. U.S. Dep't of Homeland Sec.*, 245 F. App'x 369, 383 (5th Cir. 2007) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992)). Here, there is no evidence beyond Petitioner's conclusory allegations and speculation to support his motion.

(2)  Respondent's motion to extend time to respond to Petitioner's motion, ECF No. 16, is **DENIED** as moot.

(3)  Respondent's motion to dismiss as untimely, ECF No. 18, is **DENIED** as moot.

(4)  Petitioner's motion for leave to show cause, included in his response to Respondent's motion to dismiss, ECF No. 19, is **DENIED** as moot and unnecessary.

---

[11] As Petitioner stated at sentencing, he is not innocent; he just felt like he did not deserve the punishment he faced. He hoped to somehow beat the charges. CR ECF No. 188 at 34–35. *See also* CR ECF No. 107 (Petitioner's proffer).

[12] The motion is also based on the stated intent of Petitioner to call the undersigned as a witness at the evidentiary hearing on his claims of ineffective assistance of counsel, ECF No. 10 at 10, 17, which he did not do. ECF No. 55.

(5)   Respondent's motion for leave to amend her motion to dismiss, ECF No. 32, is **GRANTED** and the Court recognizes Respondent's position that some, rather than all, of Petitioner's claims are untimely.

(6)   Petitioner's motion for service of filings, ECF No. 33, is **DENIED** as moot.

(7)   Petitioner's motion seeking correction of the record, ECF No. 38, is **GRANTED** and the Court deems the attachments submitted with the proposed amended motion, ECF No. 11, to be part of the amended motion, ECF No. 13.

(8)   Petitioner's motion to strike, including alternative motion for extension of time to file reply, ECF No. 39, is **DENIED**. Petitioner admits that he received a hand-delivered copy of Respondent's substantive response to his amended motion on or about April 12, 2022. He obviously knew that he had 28 days in which to file his reply.[13]  Having had ample time in which to file a formal reply, he simply failed to do so. He has, however, addressed the same matters in his objections to the FCR.

(9)   Petitioner's motion seeking access to sealed documents, ECF No. 41, is **DENIED** as moot.

## III.   CONCLUSION

All relief sought by Petitioner is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **1st day** of **December, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[13] The time for filing a reply was set by the order to show cause, notice, and instructions to the parties. ECF No. 14. A moving party may, but is not required, to file a reply to the respondent's answer or other pleading. RULE 5(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.